12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Owen McCOWAN, Defendant-Appellant.
 No. 92-4046.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1993.
 
 Before: KENNEDY, MILBURN, and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Owen McCowan, was convicted of violating federal drug and firearms laws. On appeal, McCowan contends that the district court erred in denying his motion for acquittal. Finding no merit to this claim, we affirm.
 
 I.
 
 2
 On April 28, 1989, Detective Dan Zaller of the Cleveland Police Department and Special Agent Larry Brock of the Bureau of Alcohol, Tobacco and Firearms received information that a possible drug transaction was taking place in room 305 of the Shangri-La Hotel in Cleveland, Ohio. Both Detective Zaller and Special Agent Brock went to room 305 and attempted to gain entry. There was a brief struggle at the door, during which both men heard the sound of a toilet flush.
 
 
 3
 When entry was gained, Zaller and Brock found three men in the bedroom area, including McCowan, and one man in the bathroom. On a dresser, Detective Zaller observed a stack of currency, later determined to be $6,980, and a bag of suspected cocaine. Subsequent analyses confirmed that the bag contained approximately 313 grams of cocaine.
 
 
 4
 Once the room was secured, all four men were asked if they had any weapons. McCowan indicated that he did, and two loaded guns, one of which was cocked, were removed from his pocket and waistband. All of the men were advised of their constitutional rights and the lessee of the room executed a consent to search.
 
 
 5
 In the hotel room, the agents found two ziplock bags in the toilet, sandwich bags, and two scales. McCowan was searched, and found on his person was a pager, approximately $185 in currency, and a brown vial that contained what was subsequently determined to be .02 grams of cocaine. The four men were arrested for possible narcotics laws violations.
 
 
 6
 Detective Zaller testified that later that evening he interviewed McCowan in the jail unit of the Justice Center. McCowan was again advised of his constitutional rights. McCowan then told Zaller that he was at the hotel room to purchase cocaine. McCowan also stated that he had purchased one of the weapons that very day and had owned the other one for awhile. McCowan declined to reduce his statement to writing.
 
 
 7
 McCowan and the three other men were indicted in a three-count indictment: count one charged a violation of 21 U.S.C. Sec. 841(a)(1), possession of cocaine with intent to distribute; count two charged a violation of 21 U.S.C. Sec. 856, renting a motel room for the unlawful distribution of a controlled substance; and count three charged a violation of 18 U.S.C. Sec. 924(c)(1), possession of a weapon during and in relation to a drug trafficking crime. A jury found McCowan guilty of counts one and three. McCowan was sentenced to a term of imprisonment for 101 months and three years of supervised release.
 
 II.
 
 8
 Before reviewing the government's evidence to determine whether the prosecution met its burden, we briefly state the rules governing our inquiry. We have previously noted:
 
 
 9
 It is well settled that the test to be applied by a trial court in determining a defendant's motion for acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure is taking the evidence and inferences most favorably to the government, if there is such evidence therefrom to conclude that a reasonable mind might fairly find guilt beyond a reasonable doubt, the issue is for the jury. The Supreme Court has observed that the granting of a motion of acquittal, "... will be confined to cases where the prosecution's failure is clear."
 
 
 10
 An appellate court, in reviewing a trial court's decision regarding a Rule 29 motion, applies the same principles to the record it has before it. Other circuits have indicated the use of the same test following the trial court's reversal of a guilty verdict pursuant to Rule 29(c).
 
 
 11
 United States v. Overmyer, 867 F.2d 937, 938-39 (6th Cir.) (citations omitted), cert. denied, 493 U.S. 813 (1989).
 
 
 12
 McCowan's defense primarily consisted of his own testimony and a number of character witnesses. He testified that on April 28, 1989, he spoke with one of the co-defendants, Eugene Dickerson, and that Dickerson asked him for a scale. McCowan testified that he found a scale and went to room 305 with another co-defendant. McCowan acknowledged seeing a bag in the room, but testified the bag was closed, and further denied seeing any currency on the dresser. McCowan testified that he carried a gun for protection because he had been threatened in 1988. He admitted speaking with Detective Zaller later that night, but denied telling him that he was in the room to purchase cocaine. He also denied that the vial with .02 grams of cocaine was his or was taken from his person. McCowan admitted to carrying a pager, but testified that he carried it so his family could keep in touch with him.
 
 
 13
 For the most part, McCowan's testimony contradicted that of the witnesses who testified on behalf of the government. The resolution of this conflict is for the factfinder. The jury listened to the testimony and had all of the evidence properly before it. Witness credibility is solely within the province of the jury. United States v. Schultz, 855 F.2d 1217, 1221 (6th Cir.1988). Moreover, when the evidence and inferences drawn therefrom is viewed in the light most favorable to the government, we find a jury reasonably could have found McCowan guilty of violating 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 924(c)(1). Accordingly, we hold the district court did not err in denying McCowan's Rule 29 motion.
 
 
 14
 AFFIRMED.