70 F.3d 115
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Owen McCOWAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3424.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 1
 Before: KENNEDY and JONES, Circuit Judges, and COOK, Chief District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury found Owen McCowan guilty of possessing cocaine with intent to distribute it in violation of 21 U.S.C. Sec. 841(a)(1), and possessing a weapon during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1). The district court sentenced McCowan to 101 months of imprisonment and three years of supervised release. This court affirmed McCowan's conviction and sentence on direct appeal. United States v. McCowan, No. 92-4046, 1993 WL 483464 (6th Cir. Nov. 23, 1993) (per curiam), cert. denied, 114 S.Ct. 1384 (1994).
 
 
 4
 In his motion to vacate sentence, McCowan claimed that he received ineffective assistance of counsel from his trial and appellate attorneys. McCowan claimed that his trial counsel was ineffective because evidence of his codefendants' guilty pleas should not have been introduced at trial. McCowan also claimed that he should have received a reduced sentence pursuant to USSG Sec. 5H1.4 due to his medical condition but that trial counsel failed to bring his medical condition to the attention of the district court. McCowan claimed that his appellate attorney was ineffective for not raising these claims on direct appeal.
 
 
 5
 The district court denied McCowan's motion because McCowan did not establish ineffective assistance of either trial or appellate counsel and did not show cause or prejudice for not raising on direct appeal the issue relative to the introduction of the codefendants' guilty pleas. McCowan appeals that judgment.
 
 
 6
 In order to obtain relief under Sec. 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson 113 S.Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to Sec. 2255 motion to vacate).
 
 
 7
 We conclude that the district court properly denied McCowan's Sec. 2255 motion for the reasons set forth in the court's memorandum opinion and order dated March 24, 1995.
 
 
 8
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., Chief United States District Judge for the Eastern District of Michigan, sitting by designation