54 F.3d 778
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jerry Jerome VINES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1877.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1995.
 
 1
 Before: JONES and RYAN, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 On January 11, 1989, Jerry Jerome Vines pleaded guilty to one count of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. Secs. 846 and 841(a)(1). Vines entered his guilty plea pursuant to a written Fed. R. Crim. P. 11 agreement. The district court sentenced Vines to 240 months of imprisonment and three years of supervised release. Vines did not appeal his conviction or sentence.
 
 
 4
 In his motion to vacate sentence, Vines claimed that: 1) the district court improperly enhanced his sentence because of his role as a leader or organizer of a cocaine distribution organization; and 2) defense counsel rendered ineffective assistance at sentencing. The district court concluded that Vines did not show cause and prejudice for not directly appealing his conviction or sentence and denied the motion to vacate. Vines appeals that judgment.
 
 
 5
 In his timely appeal, Vines reasserts his first and second claims. As an addition to his second claim, Vines argues that the district court did not advise him of his right to appeal. Thus, Vines maintains that he should not be held accountable for not appealing his conviction or sentence. The parties have filed briefs.
 
 
 6
 Initially, it is noted that Vines's contention that the district court did not advise him of his right to appeal was not raised in the motion to vacate sentence before the district court. Unless exceptional circumstances are present, the court normally will not address an issue not raised for the first time in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir. 1993). No exceptional circumstances are present in this case.
 
 
 7
 Upon review, we conclude that the district court properly denied the motion to vacate sentence. In order to obtain relief under Sec. 2255 on the basis of nonconstitutional error, a defendant must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. See Reed v. Farley, 114 S. Ct. 2291, 2300 (1994). United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S. Ct. 2424 (1993); see also Scott v. United States, 997 F.2d 340, 342-43 (7th Cir. 1993) (only extraordinary circumstances warrant review of sentencing guideline violation). In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir. 1994) (applying Brecht to Sec. 2255 motion to vacate).
 
 
 8
 Vines is barred from seeking relief on his first claim challenging the calculation of his sentence. Claims that could have been but were not raised on direct appeal may not be reviewed under Sec. 2255 unless Vines demonstrates both cause for and actual prejudice from his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). Vines claims that his attorney's ineffectiveness caused him not to appeal. Even if one assumes that "cause" exists because defense counsel did not file a timely appeal, Vines was not prejudiced because his first claim is meritless. The record amply supports a four level enhancement under USSG Sec. 3B1.1(a) for Vines's role in the unlawful activity.
 
 
 9
 Vines's second claim of ineffective assistance of counsel is without merit. Vines alleges that his attorney was deficient at sentencing because counsel did not object to the district court's use of self-incriminating "disclosures" made by Vines to the probation officer. Vines contends that his disclosures were improperly used to increase his guideline range. To establish ineffective assistance of counsel, Vines must show that counsel's performance was deficient and that the deficiency prejudiced the defense so as to render the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 10
 Counsel did not err because there were no grounds on which to base an objection to the use of Vines's disclosures. The essence of Vines's argument is that his attorney did not investigate and fully inform himself on the applicability of USSG Sec. 1B1.8. That provision provides that when a defendant agrees to cooperate with the government by providing information concerning the unlawful activity of others, and the government agrees that self-incriminating disclosures will not be used to determine the applicable guideline range, that such disclosures will not be used except to the extent provided in the agreement. In this case, however, the government did not agree that any self-incriminating disclosures would not be used against Vines. In addition, Vines did not provide any information concerning the unlawful activity of others. He only provided information concerning his unlawful activity. Unless a cooperation agreement relates to the provision of information concerning the unlawful activities of others, USSG Sec. 1B1.8 does not apply. USSG Sec. 1B1.8, comment. (n.6). Thus, because the guideline provision upon which Vines bases his argument does not apply to this case, counsel's performance was not deficient for not objecting to the use of Vines's self-incriminating disclosures in his sentence calculation.
 
 
 11
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's order dated April 26, 1994.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation