66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis Robert STURK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1170.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1995.
 
 1
 Before: MILBURN and NELSON, Circuit Judges, and MORTON, District Judge.*
 
 ORDER
 
 2
 Dennis Robert Sturk appeals a district court order denying Sturk's motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1993 Sturk pleaded guilty to manufacturing marijuana, and the district court sentenced him to 41 months of imprisonment. Sturk did not file a direct appeal from his conviction and sentence.
 
 
 4
 Sturk filed a motion to vacate sentence, alleging that: (1) the district court improperly denied him a sufficient reduction in his offense level, under the Sentencing Guidelines, for acceptance of responsibility; and (2) the district court improperly denied him a reduction in his offense level based on his mitigating role in the offense. Sturk subsequently filed an amended motion in which he raised additional grounds, alleging that: (3) he received ineffective assistance of counsel at sentencing; and (4) the district court erred in calculating the amount of marijuana attributable to him under the Guidelines. The district court determined that his claims were without merit and denied the motion. Sturk has filed a timely appeal. On appeal, he requests permission to proceed in forma pauperis and asks for the appointment of counsel.
 
 
 5
 Upon review, we conclude that the district court properly denied Sturk's motion to vacate. In order to obtain habeas relief under Sec. 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2297 (1994). In order to obtain relief under Sec. 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in bringing about the petitioner's guilty plea. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994).
 
 
 6
 Initially, we note that Sturk did not file a direct appeal from his conviction and sentence. Before he can obtain collateral review of his claims, except for his claim of ineffective assistance of counsel, he must show cause to excuse his failure to previously raise these claims in a direct criminal appeal and actual prejudice resulting from the alleged violations. Reed, 114 S.Ct. at 2300. Sturk has not argued cause to excuse his failure to raise these claims previously. Further, he suffered no prejudice because, as noted below, his claims are without merit.
 
 
 7
 The district court's decision not to award Sturk an additional one level reduction in his total offense level for acceptance of responsibility was not clear error. See United States v. Meacham, 27 F.3d 214, 217 (6th Cir.1994). Sturk has acknowledged on appeal that his claim that the district court should have awarded him an additional reduction in his total offense level for his mitigating role in the offense is meritless and he has abandoned this issue. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). As Sturk was convicted of manufacturing marijuana, the district court properly included the entire amount of marijuana manufactured by Sturk in determining his relevant conduct under the Sentencing Guidelines. Further, Sturk was not prejudiced by his counsel's failure to raise this argument in the district court. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Lastly, we note that Sturk did not raise his argument that the district court should have departed downward in his sentence because of his rehabilitation efforts until after that court had rendered its decision denying his motion. As Sturk did not properly present this issue to the district court, we will not consider it in the first instance on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 8
 Accordingly, we grant Sturk's request to proceed in forma pauperis for the limited purpose of review on appeal, deny his request for counsel, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable L. Clure Morton, United States District Judge for the Middle District of Tennessee, sitting by designation