67 F.3d 299
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie L. CURTIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 94-6118, 95-5074.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1995.
 
 1
 Before: MARTIN and NORRIS, Circuit Judges; and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Ronnie L. Curtis, a pro se federal prisoner, appeals separate district court judgments dismissing his two motions to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In February 1992, Curtis pleaded guilty to aiding and abetting in theft of interstate shipment in violation of 18 U.S.C. Sec. 659, conspiring to obstruct justice in violation of 18 U.S.C. Sec. 371, and obstructing justice in violation of 18 U.S.C. Sec. 1503. Curtis was sentenced to 33 months of imprisonment. Thereafter, in October 1993, Curtis pleaded guilty to wire fraud in violation of 18 U.S.C. Sec. 1343, and was sentenced to two years of imprisonment. Curtis did not file a direct appeal from either of his convictions or sentences.
 
 
 4
 In a motion to vacate sentence, Curtis challenged his conviction for wire fraud, arguing that the conviction was obtained in violation of a prior plea agreement. The district court denied this motion as without merit. In his second motion to vacate, Curtis challenged his 1992 convictions, arguing that: 1) the Federal Bureau of Investigation engaged in misconduct; and 2) the district court improperly calculated his Criminal History Category when it considered convictions resulting from the relevant conduct of the 1992 offense. The district court denied this motion as without merit.
 
 
 5
 Curtis has filed timely appeals, reasserting his same claims.
 
 
 6
 Upon review, we conclude that the district court properly denied Curtis's two motions to vacate. In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994). In order to obtain relief on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993). Technical violations of the Federal Rules of Criminal Procedure and the federal sentencing guidelines will not warrant relief. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (technical violation of Fed.R.Crim.P. 11); Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993) (technical violation of sentencing guidelines).
 
 
 7
 Curtis is barred from seeking relief on the claims raised in his motions to vacate. These claims could have been but were not raised on direct appeal. Under these circumstances, in order to obtain review, Curtis must demonstrate cause and prejudice to excuse his failure to raise these claims on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). No cause is alleged and none is apparent, and it is clear that Curtis can show no prejudice as his claims are without merit.
 
 
 8
 Accordingly, we hereby affirm the district court's judgments. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation