68 F.3d 474
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel Lee MOYER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 94-1808, 94-1810.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1995.
 
 1
 Before: MARTIN and BOGGS, Circuit Judges; and HOOD, District Judge.*
 
 ORDER
 
 2
 Daniel Lee Moyer, a pro se federal prisoner, appeals a district court judgment denying his motion for a new trial filed pursuant to Fed.R.Crim.P. 33 (Case No. 94-1808). Moyer also appeals the district court's judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. (Case No. 94-1810). The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In October 1993, a jury convicted Moyer of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. Secs. 841 and 846. The court sentenced him to 57 months of imprisonment and four years of supervised release. The government appealed the sentence and the defendant cross-appealed; both Moyer's conviction and sentence were affirmed. United States v. Boydbyl, Case Nos. 92-1163, etc. (6th Cir. March 9, 1993).
 
 
 4
 In his motion for a new trial, Moyer argued that: 1) the verdict was against the great weight of the evidence; 2) trial counsel rendered ineffective assistance; and 3) newly discovered evidence demonstrates that the prosecution knowingly used perjured testimony. The district court denied the motion, concluding that Moyer could not pursue the first two grounds as he did not file the motion within seven days of the jury verdict. Thereafter, the district court concluded that Moyer had not established that ground three involved newly discovered evidence; it thus denied the motion. Moyer has filed a timely appeal, reasserting his same claims. (Case No. 94-1808). In his motion to vacate sentence, Moyer argued that his appellate counsel rendered ineffective assistance when he did not raise four issues that Moyer requested him to pursue on appeal. The district court denied the motion as without merit. Moyer also filed a timely appeal from this decision, reasserting his same claims. (Case No. 94-1810).
 
 
 5
 Upon review, we conclude that the district court properly denied Moyer's motion for a new trial. See United States v. L.E. Cooke Co., 991 F.2d 336, 343 (6th Cir.1993); see also Christian Schmidt Brewing Co. v. G. Heileman Brewing Co., 753 F.2d 1354, 1356 (6th Cir.1985). Moyer is barred from raising his grounds enumerated 1 and 3 above in his Rule 33 motion for a new trial because his motion was not brought within seven days of the entry of the verdict, and grounds 1 and 3 do not concern newly discovered evidence. See Fed.R.Crim.P. 33; United States v. Koehler, 24 F.3d 867, 869 (6th Cir.1994), cert. denied, 115 S.Ct. 723 (1995). Additionally, Moyer is not entitled to relief on his ground enumerated 3 above because evidence of ineffective assistance of counsel is not "newly discovered evidence" for purposes of a motion for a new trial where the facts supporting the claim were within the defendant's knowledge at the time of trial. United States v. Seago, 930 F.2d 482, 488 (6th Cir.1991).
 
 
 6
 We also conclude that the district court properly denied Moyer's motion to vacate his sentence. In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994). In order to obtain relief on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 7
 Counsel rendered effective assistance as he reviewed the issues that Moyer wanted him to pursue on appeal, but for tactical reasons, he decided to concentrate his efforts in preventing the court from increasing the quantity of marijuana attributed to Moyer. Such decisions, made for tactical purposes and based on reasonable grounds, as in this case, are not sufficient to show ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Jones v. Barnes, 463 U.S. 745, 751 (1983); United States v. Chambers, 944 F.2d 1253, 1272 (6th Cir.1991), cert. denied, 112 S.Ct. 1217 and 1680 (1992).
 
 
 8
 Accordingly, we hereby affirm the district court's judgments. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designatin