70 F.3d 1272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jonathan M. MOORE Sr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3245.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1995.
 
 Before: ENGEL, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Jonathan M. Moore Sr., a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1994, Moore pleaded guilty to three counts of bank robbery, three counts of carrying a firearm during a crime of violence, failure to appear and escape. He was sentenced to a total of 295 months of imprisonment. Moore did not appeal his convictions or sentences.
 
 
 3
 In his motion to vacate, Moore challenged his convictions for bank robbery and carrying a firearm during a crime of violence. He argued that trial counsel rendered ineffective assistance. Upon review, a magistrate judge filed a report recommending that the district court deny the motion as without merit. Over Moore's objections, the district court adopted the recommendation and denied the motion. Moore has filed a timely appeal, reasserting his same claim.
 
 
 4
 Upon review, we conclude that the district court properly denied the motion to vacate. In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam). In order to obtain relief on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Technical violations of the Federal Rules of Criminal Procedure will not warrant relief. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979).
 
 
 5
 Counsel rendered effective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the record reflects that counsel properly investigated Moore's case as he conducted extensive pre-trial discovery and hired a special investigator to help prepare the case. See O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir.1994); Lewis v. Alexander, 11 F.3d 1349, 1352-53 (6th Cir.1993). Moreover, at his plea hearing, Moore testified that counsel had represented him well. Second, the district court properly accepted Moore's guilty plea in light of counsel's pre-trial investigation and Moore's testimony regarding his involvement in the bank robberies. North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742, 749 (1970); see also United States v. Johnson, 22 F.3d 674, 682 (6th Cir.1994). Moore understood the rights he was waiving and he acknowledged his guilt to the crimes. Moore's testimony also reflects that he was competent to understand the nature and object of the proceedings against him, to consult with counsel and to assist in preparing his defense. See Drope v. Missouri, 420 U.S. 162, 171 (1975); Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam). Moore has not established that he would not have pleaded guilty but for counsel's alleged errors. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); O'Hara, 24 F.3d at 828.
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.