72 F.3d 131
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ernest WHITLOCK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5800.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1995.
 
 1
 Before: MARTIN and JONES, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ernest Whitlock pleaded guilty to possessing crack cocaine with the intent to distribute it in violation of 21 U.S.C. Sec. 841(a)(1) and using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c). The district court sentenced Whitlock to 181 months in prison and five years of supervised release. Whitlock did not appeal his conviction or sentence.
 
 
 4
 In his motion to vacate sentence, Whitlock claimed that: 1) he was denied effective assistance of counsel; 2) the indictment contained a jurisdictional defect; 3) the evidence was insufficient to support his guilty plea on the charge of using and carrying a firearm during and in relation to a drug trafficking offense; and 4) the sentencing disparity between possession of cocaine base (crack) and cocaine hydrochloride (powder) for convictions under 21 U.S.C. Sec. 841 renders the statute ambiguous.
 
 
 5
 The district court denied Whitlock's motion to vacate sentence as without merit. Whitlock has filed a timely appeal in which he reasserts his third and fourth claims as well as a motion to proceed in forma pauperis on appeal.
 
 
 6
 Initially, we note that Whitlock does not assert his claims enumerated 1 and 2. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to Sec. 2255 motion to vacate). In order to obtain relief under Sec. 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Technical violations of the Federal Rules of Criminal Procedure will not warrant relief. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (technical violation of Rule 11).
 
 
 8
 Whitlock is barred from seeking relief on his claims enumerated 3 and 4. These claims could have been but were not raised on direct appeal. Under these circumstances, in order to obtain review, Whitlock must demonstrate cause and prejudice to excuse his failure to raise his claims on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Whitlock does not even try to show cause and none is apparent. Furthermore, Whitlock can show no prejudice as his claims are without merit for the reasons set forth in the district court's memorandum opinion.
 
 
 9
 Accordingly, the motion to proceed in forma pauperis is hereby granted for the limited purpose of this review, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the court's memorandum opinion dated May 23, 1995.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation