72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Larry Edward TINDALL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5451.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1995.
 
 Before: KENNEDY, GUY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Larry Edward Tindall, a pro se federal prisoner, appeals a district court order and judgment denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Tindall of one count of bank robbery and the district court sentenced him on December 14, 1989, to 200 months in prison, three years of supervised release, and $385 restitution. A panel of this court affirmed the judgment in an unpublished order. See United States v. Tindall, No. 90-5053 (6th Cir. Oct. 17, 1990).
 
 
 3
 In his motion to vacate, Tindall raised four grounds for relief: (1) counsel rendered ineffective assistance on appeal; (2) he was denied his Sixth Amendment right to confront witnesses; (3) counsel rendered ineffective assistance at trial; and (4) the United States lost jurisdiction over him, pursuant to the Interstate Agreement on Detainers (IAD), by releasing him to state custody. A magistrate judge determined that counsel had complied with the requirements of Anders v. California, 386 U.S. 738 (1967), on appeal; that the district court had issued subpoenas for the witnesses Tindall wished to call but that they could not be located; that Tindall had failed to show how further investigation by trial counsel could have actually aided his defense; and that the IAD claim was not cognizable under Sec. 2255. Accordingly, he found each issue to be without merit and recommended that Tindall's motion be denied in a report entered on February 9, 1995. The district court overruled Tindall's objections, adopted the magistrate judge's findings and conclusions, and dismissed the case in an order entered on March 6, 1995.
 
 
 4
 On appeal, Tindall continues to argue the merits of his IAD and ineffective assistance of counsel claims.
 
 
 5
 Upon review, we affirm the district court's judgment for the reasons stated by the magistrate judge as adopted by the district court. In order to obtain relief under Sec. 2255 on the basis of a nonconstitutional error, the movant must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). To warrant relief under Sec. 2255 on the basis of constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the outcome of the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994).
 
 
 6
 Tindall does not raise his issue regarding confrontation of witnesses (more accurately, his right to subpoena witnesses) on appeal. In fact, he expressly accepted the magistrate judge's findings and conclusions on that issue in his objections to the magistrate judge's report. Therefore, the issue is considered abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 Tindall's remaining issues are without merit for the reasons stated by the magistrate judge in his report and recommendation as adopted by the district court.
 
 
 8
 Accordingly, the district court's judgment, entered on March 6, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.