79 F.3d 1149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elie ZOGAIB, a/k/a Dale Thomas Debell, Petitioner-Appellant,
v.
UNITED STATES Of America, Respondent-Appellee.
 No. 95-1717.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1996.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and OLIVER, District Judge.*
 
 ORDER
 
 2
 This federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Elie Zogaib, aka Dale Thomas Debell, pleaded guilty to one count of money laundering in violation of 18 U.S.C. § 1956(a)(2)(A) & (B). Zogaib entered his guilty plea pursuant to a written Fed.R.Crim.P. 11 agreement. The district court sentenced Zogaib to 150 months in prison and three years of supervised release. Zogaib did not appeal his conviction or sentence.
 
 
 4
 In his motion to vacate sentence, Zogaib claimed that: 1) the district court did not have subject matter jurisdiction because the charge to which he pleaded guilty did not state a criminal offense; 2) the Double Jeopardy Clause of the Constitution precludes his criminal prosecution because he was subjected to a forfeiture based on the same offense; 3) he did not voluntarily plead guilty; and 4) the indictment was so insufficient as to prejudice his substantial rights and to deny him due process and equal protection.
 
 
 5
 The magistrate judge recommended that Zogaib's petition be denied. The district court adopted the magistrate judge's report and recommendation over Zogaib's objections. Zogaib appeals that judgment.
 
 
 6
 In his timely appeal, Zogaib reasserts the claims he set forth in the district court.
 
 
 7
 In order to obtain relief under § 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to § 2255 motion to vacate).
 
 
 8
 Zogaib is barred from seeking relief on his claims because they could have been but were not raised on direct appeal. Under these circumstances, in order to obtain review, Zogaib must demonstrate cause and prejudice to excuse his failure to raise his claims on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). It appears as though Zogaib tried to show cause by alleging that he "was not aware of the knowledge of the facts and legal theories, nor discovery [of] the legal significance, which forms the basis for the present issues." Zogaib's attempt to show cause is unavailing because he does not allege some objective factor external to the defense prevented him from appealing his conviction, see generally Murray v. Carrier, 477 U.S. 478, 488 (1986), and no cause is otherwise apparent. Furthermore, Zogaib can show no prejudice as his claims are without merit.
 
 
 9
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Solomon Oliver, United States District Judge for the Northern District of Ohio, sitting by designation