UNITED STATES of America, Plaintiff–Appellee,

v.

**Ralph R. ROSS, Defendant–Appellant.**

No. 92–3774.

United States Court of Appeals, Seventh Circuit.

Argued June 3, 1993.

Decided Nov. 5, 1993.

On Remand from the Supreme Court of the United States May 31, 1994.

Decided Nov. 4, 1994.

Sheila Finnegan, Asst. U.S. Atty. (argued), Criminal Div., Chicago, IL, for plaintiff-appellee.

Chris Averkiou (argued), Chicago, IL, for defendant-appellant.

Before POSNER, Chief Judge, RIPPLE and ROVNER, Circuit Judges.

PER CURIAM.

This case is before the court on remand from the Supreme Court of the United States. *Ross v. United States*, —— U.S. ——, 114 S.Ct. 2129, 128 L.Ed.2d 860 (1994). In its remand order, the Court directed that the case be reconsidered in light of its decision in *Staples v. United States*, —— U.S. ——, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994). In that case, the Court held that, in order to obtain a conviction under 26 U.S.C. § 5861, the government must prove that the defendant knew that the weapon he possessed had the characteristics of a weapon which is proscribed by the section.[1] We now reverse the judgment of the district court and remand the case with instructions to vacate the underlying judgment of conviction and to order a new trial.

On August 9, 1989, Mr. Ross was convicted of possessing an unregistered machine gun in violation of 26 U.S.C. § 5861(d). As we noted in our review of this case on direct appeal, the weapon in question was seized during a search of Mr. Ross' home. The agents discovered over fifty weapons. All were registered except the weapon in question here, a 1915 French Chauchat. A plugged weld inside the weapon's chamber rendered it incapable of firing. However, an ATF agent testified that this disability could be reversed within several hours. Mr. Ross claimed that the weapon had belonged to his father and that his father had told him that it was a replica. He further testified that he had not registered the weapon because he did not believe that it was a firearm.

Mr. Ross requested that the jury be instructed that the government was required to prove beyond a reasonable doubt that he knew that the weapon had the characteristics requiring registration. The district court declined to give that instruction. Instead, the jury was instructed that the government simply had to prove that the defendant knew that he possessed the weapon. On direct appeal, a panel of this court, one judge dissenting, held that the district court did not commit reversible error in refusing to give the instruction. *See United States v. Ross*, 917 F.2d 997 (7th Cir.1990), *cert. denied*, 498 U.S. 1122, 111 S.Ct. 1078, 112 L.Ed.2d 1183 (1991).

After the service of the period of confinement mandated by the sentence, Mr. Ross was required to serve a period of supervised release. During that period, the government moved for a revocation of the supervised release. In opposing that motion, Mr. Ross commenced an action under 28 U.S.C. § 2255 for relief from the entire sentence on the ground that the jury had been instructed erroneously. In affirming the district court's denial of any relief, we noted that, with respect to the instruction at issue, we were bound by the earlier holding of this court and, consequently, affirmed the denial of any relief.[2] *See United States v. Ross*, 9 F.3d 1182, 1194–95 and n. 12 (7th Cir.1993), *vacated*, —— U.S. ——, 114 S.Ct. 2129, 128 L.Ed.2d 860 (1994). The Supreme Court

---

1. The statutory scheme is succinctly summarized in *Staples*, —— U.S. at —— – ——, 114 S.Ct. at 1796–97.

2. In our opinion, we noted that the district court had correctly recognized that Mr. Ross had not raised the § 2255 motion at an appropriate point in the determination of the government's motion that supervised release be revoked. Nevertheless, because the record in the district court was ambiguous, we proceeded to pass upon the merits of the issue. *Ross*, 9 F.3d at 1191–92. In granting certiorari and vacating our judgment, the Supreme Court made no mention of the possibility of waiver or default on the part of Mr. Ross. Nor does the government rely on any such procedural issue in its statement filed pursuant to Circuit Rule 54. We believe that the mandate of the Supreme Court requires us to address the merits of Mr. Ross' § 2255 motion.

later decided *Staples v. United States,* —— U.S. ——, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994). In that case, the Court squarely held that the government must establish beyond a reasonable doubt that the defendant knew that the weapon had the characteristics of a weapon proscribed by the statute.

We believe that, in light of the Supreme Court's holding in *Staples,* the proper course is to vacate the judgment of the district court and to remand this case with directions that the underlying conviction be vacated and a new trial be granted to the defendant. As we discussed in *United States v. Kerley,* 838 F.2d 932, 938 (7th Cir.1988), an erroneous instruction with respect to an element of the offense is not always cause for reversal. We must assess the effect of the error on the jury. In this case, we do not believe that there can be any serious question that Mr. Ross was prejudiced by the error. The jury determined Mr. Ross' guilt under an erroneous jury instruction with respect to an element of the offense. There was a serious disagreement with respect to that element. A significant quantum of evidence supported the position of Mr. Ross. The error therefore had a " 'substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht v. Abrahamson,* —— U.S. ——, ——, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)).[3] *Cf. United States v. Ross,* 917 F.2d 997, 1004 (7th Cir.1990) (Manion, J., dissenting) (noting on direct appeal in this case that the error could not be considered harmless). *Cf. United States v. Starkes,* 32 F.3d 100 (4th Cir.1994) (ordering a new trial on remand from Supreme Court but on direct appeal because jury had not been instructed in conformity with *United States v. Staples* ).

Accordingly, the judgment of the district court is reversed and the case is remanded to the district court with directions to order a new trial.

REVERSED AND REMANDED.

---

**3.** We are aware that the Supreme Court has granted certiorari in the case of *O'Neal v. McAninch,* —— U.S. ——, 114 S.Ct. 1396, 128 L.Ed.2d 70 (1994). That case raises the issue of whether the government or the defendant has the burden of establishing whether the error was harmless in a collateral attack on the judgment of conviction. Given the nature of error here and the state of the record as described in this court's opinion on direct appeal, we do not believe that the allocation of the burden of proof would be outcome determinative in this case.