59 F.3d 170
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Donny Ray CARTER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-6550.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1995.
 
 1
 Before: MARTIN and SILER, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 Donny Ray Carter, a pro se federal prisoner, appeals a district court judgment denying his motion seeking to correct his sentence, construed to be filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In December 1991, Carter pleaded guilty to armed bank robbery in violation of 18 U.S.C. Sec. 2113(d), aiding and abetting in violation of 18 U.S.C. Sec. 2, and use of a firearm during a crime of violence in violation of 18 U.S.C. Sec. 924(c)(1). In exchange for the plea, the government dismissed the remaining counts in the indictment. Carter was sentenced to 160 months of imprisonment and ordered to pay restitution in the amount of $40,633.33. A panel of this court affirmed Carter's conviction and sentence. United States v. Carter, Case No. 92-5238 (6th Cir. Nov. 13, 1992).
 
 
 4
 In his Sec. 2255 motion, Carter argued that the Bureau of Prison's plan to make deductions from his prison wages for restitution during his period of incarceration violated the district court's sentencing instructions regarding his sentence and the Eighth Amendment. Upon review, the district court denied the motion as without merit. Carter has filed a timely appeal, reasserting his same claim.
 
 
 5
 Upon review, we conclude that the district court properly denied Carter's motion. In order to obtain relief on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir. 1994) (applying Brecht to Sec. 2255 motion to vacate).
 
 
 6
 Carter is barred from seeking relief on his claim. This claim could have been but was not raised on direct appeal. Under these circumstances, in order to obtain review, Carter must demonstrate cause and prejudice to excuse his failure to raise his claim on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). It is clear that Carter can show no prejudice as his claim is without merit.
 
 
 7
 A review of the record establishes that there is no ambiguity concerning when Carter is to begin paying restitution. The district court intended for restitution payments to begin immediately.
 
 
 8
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation