62 F.3d 1418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nicholas John PHLIPOT, Defendant-Appellant.
 No. 94-3893.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1995.
 
 1
 Before: JONES and BOGGS, Circuit Judges; and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Nicholas John Phlipot, proceeding pro se, appeals a district court order denying his motion to challenge jurisdictional authority, construed as brought under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In 1987, a jury convicted Phlipot of three counts of income tax evasion, in violation of 26 U.S.C. Sec. 7201. He was sentenced to 3 years in prison on each count, to be served consecutively, and fined $45,000. A panel of this court affirmed Phlipot's conviction on appeal. United States v. Phlipot, No. 87-3891, 1988 WL 60738 (6th Cir. June 16, 1988). Subsequently, Phlipot moved this court for a writ of mandamus ordering his immediate release from prison and expungement of all his records; the writ was denied. In re: Phlipot, No. 92-8340 (6th Cir. Aug. 19, 1992).
 
 
 4
 In his present motion, Phlipot asserts that the Internal Revenue Code applies only to the federal United States, and not to the citizens of the fifty states. Because he is, in his words, a "STATE CITIZEN ... born on the sovereign soil of Shelby County (Ohio)," neither the Internal Revenue Service nor the federal courts have jurisdiction over him. Since Phlipot's motion challenges his conviction, we construe it as a motion to vacate pursuant to Sec. 2255. The district court summarily denied Phlipot's motion in an entry filed on August 5, 1994.
 
 
 5
 On appeal, Phlipot continues to argue that he is not a United States citizen subject to federal income taxes and that federal agencies lack jurisdiction over him. Phlipot has also filed a motion for summary judgment, a motion for default judgment, a motion to adjudicate, a motion for an emergency hearing, and a motion for a writ of mandamus.
 
 
 6
 Upon review, we affirm the district court's order because Phlipot's motion is patently frivolous. In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir. 1994) (applying Brecht to a Sec. 2255 motion to vacate).
 
 
 7
 Phlipot's sole ground for relief relies on his contention that he is not a United States citizen, despite the fact (or, rather, because of the fact) that he was born in Shelby County, Ohio. He claims citizenship only of the State of Ohio and asserts that he is, therefore, subject to neither the federal income tax nor prosecution in the district court for violations of the Internal Revenue Code. This argument lacks originality; it has been tried before and was soundly rejected by this court. See United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994).
 
 
 8
 Accordingly, Phlipot is not entitled to relief. Phlipot's motion for summary judgment is actually an additional brief on appeal. This motion and the motion for default judgment are denied on the merits. His motions to adjudicate, for emergency hearing, and for mandamus are denied as moot, as they all seek a decision by this court on his appeal. The district court's order, entered on August 5, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation