68 F.3d 474
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark Lance JONES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3340.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1995.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges; and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Mark Lance Jones, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In June 1991, a jury convicted Jones of attempting to possess with intent to distribute over 500 grams of cocaine in violation of 21 U.S.C. Sec. 846. He was sentenced on July 13, 1992, to 60 months in prison and four years of supervised release. A panel of this court affirmed Jones's conviction in an unpublished opinion. United States v. Jones, No. 92-3737, 1993 WL 219882 (6th Cir. June 21, 1993) (per curiam).
 
 
 4
 In his motion to vacate, Jones asserts that his trial counsel rendered ineffective assistance by failing to call any witnesses on his behalf despite a promise to the jury during his opening statement that he would call witnesses to present certain evidence. Jones also filed a memorandum in support of his motion to vacate, to which were attached affidavits by Jones and his father describing their intended testimony. The government responded with affidavits by Jones's counsel and co-counsel. A magistrate judge recommended that Jones's motion to vacate be denied after finding that most or all of the intended testimony was obtained by cross-examination of the government's witnesses, thus making it unnecessary to expose Jones to potentially damaging cross-examination. In a decision and entry filed on February 27, 1995, the district court overruled Jones's objections, adopted the magistrate judge's report, and denied the motion to vacate. A separate judgment was entered the following day. On appeal, Jones continues to argue the merits of his ground for relief.
 
 
 5
 Upon review, we affirm the district court's judgment because the record in this case does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the jury's verdict. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994). To establish ineffective assistance of counsel, Jones must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense so as to render the trial unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The reviewing court's scrutiny of counsel's performance is highly deferential. Id. at 689. Trial counsel's tactical decisions are particularly difficult to attack, O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir.1994), and a defendant's challenge to such decisions must overcome a presumption that the challenged action might be considered sound trial strategy. Id. (quoting Strickland, 466 U.S. at 689). Jones has not overcome this presumption for the reasons stated by the district court.
 
 
 6
 Accordingly, the district court's judgment, entered on February 28, 1995, is affirmed. Rules 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation