69 F.3d 538
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald Lee ZAMBORIA, aka Ronald Windsor, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 94-6477, 94-6656, 95-5099.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1995.
 
 1
 Before: BATCHELDER and MOORE, Circuit Judges; and ENSLEN, Chief District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals two district court judgments denying his three motions to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1979, Ronald Lee Zamboria (now using the legal name of Ronald Windsor) pleaded guilty to three separate charges of bank robbery. As part of the plea bargain, the government promised to put Zamboria in the Witness Protection Program.
 
 
 4
 Ten years later, after Zamboria was released from prison in 1989, he committed a fourth bank robbery in Madison, Wisconsin. Thereafter, the government did not allow Zamboria to participate in the Witness Protection Program. The district court sentenced Zamboria to 25 years of imprisonment for the 1989 Madison, Wisconsin, bank robbery. The conviction and sentence were affirmed on appeal. United States v. Windsor, 981 F.2d 943 (7th Cir.1992).
 
 
 5
 Zamboria then filed three Sec. 2255 motions attacking his initial three bank robbery convictions obtained in 1979. In each motion, Zamboria claimed that the government breached its plea agreement promise by removing him from the Witness Protection Program. The district court considered one of Zamboria's motions and concluded that the claim was frivolous because there was no basis for Zamboria's continued participation in the Witness Protection Program. Thereafter, the district court considered Zamboria's two remaining motions to vacate sentence and concluded that Zamboria was collaterally estopped from further litigating the issue. Zamboria filed three timely notices of appeal from these two judgments.
 
 
 6
 Zamboria reasserts on appeal that the government breached its plea agreement promise to keep him in the Witness Protection Program. He also asserts that the district court erred by reviewing a Memorandum of Understanding in camera.
 
 
 7
 In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to Sec. 2255 motion to vacate).
 
 
 8
 The district court properly denied Zamboria relief as his claim is without merit. Zamboria claims that in 1979 the government unconditionally promised to keep him in the Witness Protection Program for the remainder of his life and breached its plea agreement promise by removing him from the program after he continued his life of crime. Where a defendant fulfills a promise in entering a guilty plea, the prosecution is bound to keep any promise made in exchange and offends due process when it breaches a plea agreement. Santobello v. New York, 404 U.S. 257, 262 (1971). A plea bargain is contractual in nature, and hence is subject to contract law. United States v. Robison, 924 F.2d 612, 613-14 (6th Cir.1991). Zamboria's claim is meritless because the government did not unconditionally promise to keep him in the Witness Protection Program even if he continued to rob banks.
 
 
 9
 The record provides no evidence whatever in support of Zamboria's claim other than the self-serving allegation of the motion to vacate. Evidence to the contrary, in fact, can be found in a memorandum of understanding signed by Zamboria in 1989 when he was released from prison. The memorandum provides that involvement in a criminal activity may serve as a basis for terminating a witness's participation in the program. In addition, the memorandum contains Zamboria's handwritten assertion that no promises or agreements were made by investigative agents or government attorneys. Thus, the Memorandum of Understanding belies any contention that the government unconditionally agreed to keep Zamboria in the Witness Protection Program for his lifetime. There is absolutely no evidence that the government made or breached the plea agreement promise.
 
 
 10
 Having properly denied Zamboria's first motion to vacate on the merits of his claim, the district court also properly denied Zamboria's second two motions to vacate because Zamboria was collaterally estopped from further relitigating the issue. See Montana v. United States, 440 U.S. 147, 153-54 (1979); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5 (1979).
 
 
 11
 Zamboria's allegation of error is also meritless. Zamboria argues that the district court erred by reviewing the 1989 Memorandum of Understanding in camera. It is firmly within a district court's discretion to determine when and whether an in camera inspection is necessary. Cf. Roviaro v. United States, 353 U.S. 53, 59 (1957). The district court did not abuse its discretion. The district court inspected the sealed Memorandum of Understanding signed by Zamboria when he was released from prison in 1989. The mere fact that the document was under seal supports an in camera inspection. Furthermore, the district court was only responding to Zamboria's expressed concern regarding his safety in prison. Throughout the proceedings, Zamboria claimed that his true identity had been revealed and that he was in danger because he was no longer allowed to participate in the Witness Protection Program. Thus, the district court did not abuse its discretion by maintaining the secrecy surrounding the Witness Protection Program guidelines and Zamboria's participation in the program.
 
 
 12
 Accordingly, Zamboria's motion for in forma pauperis status is granted solely for the purposes of this appeal, the motion for the appointment of counsel is denied, and the judgments entered on October 3, 1994 and November 17, 1994, are hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, Chief United States District Judge for the Western District of Michigan, sitting by designation