76 F.3d 379
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald Gearith PERKINS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1234.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1996.
 
 Before: JONES, NORRIS and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Donald Gearith Perkins appeals a district court order denying his motion to vacate sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, Perkins pleaded guilty to conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. The district court sentenced Perkins to 500 months of imprisonment. On appeal, this court affirmed his conviction and sentence. United States v. Perkins, Nos. 92-1227, etc. (6th Cir. Sept. 9, 1993) (per curiam), cert. denied, 114 S.Ct. 1549 (1994).
 
 
 3
 Perkins subsequently filed a motion to vacate sentence, alleging that: (1) he received ineffective assistance of counsel because counsel promised that he would receive a ten year sentence, did not file a motion to withdraw his guilty plea, and did not object to an enhancement of his guideline range for a leadership role in the offense; (2) the district court improperly denied his request for new counsel; (3) his guilty plea was involuntarily entered because counsel told him he would receive a shorter sentence; (4) the district court improperly denied his motion to withdraw his guilty plea; (5) the district court relied on erroneous information in his PSI report in sentencing him; (6) he received ineffective assistance of counsel on appeal; and (7) his counsel had a conflict of interest. The district court determined that his claims were without merit and denied the motion. Perkins has filed a timely appeal, in which he requests permission to proceed in forma pauperis.
 
 
 4
 Upon review, we conclude that the district court properly denied Perkins's motion to vacate sentence. In order to obtain habeas relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2297 (1994). In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the petitioner's guilty plea. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 5
 Initially, we note that, of the claims originally raised in his motion to vacate, Perkins only argues on appeal that: (1) he received ineffective assistance of counsel because counsel did not file a motion to withdraw his guilty plea; (2) he received ineffective assistance of counsel because counsel did not object to an enhancement of his guideline range for a leadership role in the offense; (3) the district court should have granted him new counsel; and (4) his counsel had a conflict of interest. Consequently, the other claims in his motion to vacate are considered abandoned and not reviewable on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Further, Perkins argues for the first time on appeal that counsel was ineffective because he: (1) did not file pre-trial motions, (2) did not investigate the validity of Perkins's prior convictions, (3) did not properly investigate government witnesses, and (4) did not raise certain objections at his sentencing hearing. As Perkins did not raise these issues in the district court, this court will not consider them in the first instance on appeal. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994).
 
 
 6
 Perkins's remaining claims are without merit. Perkins has not established that he received ineffective assistance of counsel because he was not prejudiced by any alleged failure of his counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Further, the district court properly denied his request for new counsel because Perkins did not establish good cause requiring the substitution of counsel. United States v. Iles, 906 F.2d 1122, 1130-31 (6th Cir.1990).
 
 
 7
 Accordingly, we grant Perkins in forma pauperis status for the limited purpose of review on appeal and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.