81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David POWELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3887.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1996.
 
 Before: LIVELY, MARTIN and MOORE, Circuit Judges.
 
 ORDER
 
 1
 David Powell, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Powell pleaded guilty to one count of interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952. In exchange, two associated drug counts were dismissed. On September 29, 1993, the district court sentenced Powell to 60 months in prison, three years of supervised release, and a $5,000 fine. There was no direct appeal.
 
 
 3
 In his motion to vacate, Powell raised four grounds for relief: (1) the indictment failed to state an offense because no implementing regulations have been promulgated for 21 U.S.C. §§ 841 and 846, (2) counsel was ineffective for failing to raise the above issue, (3) his guilty plea was involuntary because he was not chargeable under the drug counts for the reason stated above, and (4) the United States lacked jurisdiction over him due to the "Clearfield Doctrine." In a subsequent pleading, Powell raised an additional issue claiming that the indictment was invalid because it was not signed by the United States Attorney.
 
 
 4
 The district court denied Powell's § 2255 motion in an order filed on July 26 and entered on July 27, 1995. The district court found that regulations need not be promulgated for the criminal statutes to be effective, that counsel was not required to raise a meritless argument, and that the rule of commercial law set forth in Clearfield Trust Co. v. United States, 318 U.S. 363, 369 (1943), was totally inapplicable to Powell's case.
 
 
 5
 On appeal, Powell continues to argue the merits of his defective indictment and ineffective assistance of counsel claims, adopting the theory set forth in the appellate brief filed by his codefendant, Vernon Lawson, in Case No. 95-3883. He seeks in forma pauperis status on appeal.
 
 
 6
 Upon review, we affirm the district court's order for the reasons stated therein. In addition, Powell has not shown cause and prejudice for failing to challenge his indictment at an earlier opportunity. In order to warrant relief under § 2255 on the basis of a nonconstitutional error, the record must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). To warrant relief under § 2255 on the basis of constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the outcome of the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, ----, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam). Powell has not met these standards.
 
 
 7
 Initially, Powell has not raised on appeal his involuntary guilty plea or "Clearfield Doctrine" issues. They are, therefore, considered to be abandoned and are not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 8
 Powell did not present his challenges to the indictment either to the district court during his original criminal proceedings or in a direct appeal. Because these issues could have been raised previously but were not, Powell must establish cause for his failure to raise them earlier and actual prejudice if the issues are not considered. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1026 (6th Cir.1993). He has established neither. In any event, the issues are without merit for the reasons stated by the district court.
 
 
 9
 Finally, the district court did not err by denying Powell's motion without an evidentiary hearing pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings. An evidentiary hearing need not be conducted on a § 2255 motion to vacate if the files and records of the case conclusively show that the petitioner is not entitled to relief. Todaro, 982 F.2d at 1028; Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). Such is the case here.
 
 
 10
 Accordingly, the motion for in forma pauperis status is granted for the purpose of this review only. The district court's order, entered on July 27, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.