85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darvin LAWSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3854.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1996.
 
 1
 Before: SILER and BATCHELDER, Circuit Judges; CARR, District Judge.*
 
 ORDER
 
 2
 Darvin Lawson, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1993, Lawson pleaded guilty to interstate and foreign travel in aid of racketeering enterprises in violation of 18 U.S.C. § 1952. He was sentenced to 60 months of imprisonment. Lawson did not appeal his conviction or sentence.
 
 
 4
 In a very confusing motion to vacate, Lawson appears to have argued that: 1) his indictment did not state an offense because implementing regulations had not been promulgated for 21 U.S.C. §§ 841 and 846; 2) his indictment was invalid because it was not signed by the United States Attorney and because the grand jury either did not vote on the indictment or returned a negative vote; 3) counsel rendered ineffective assistance because he did not raise the above issues; and 4) the United States lacked jurisdiction over him under the doctrine set forth in Clearfield Trust Co. v. United States, 318 U.S. 363, 369 (1943). Upon review, the district court denied the motion as without merit.
 
 
 5
 Lawson has filed a timely appeal, essentially reasserting his same arguments.
 
 
 6
 Initially, we note that Lawson does not argue on appeal that the United States lacked jurisdiction over him under the Clearfield Trust doctrine. Consequently, this claim is considered abandoned and not reviewable on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 Upon review, we conclude that the district court properly denied Lawson's motion to vacate. The record simply does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1933); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam). Moreover, it does not reflect a fundamental defect in the proceedings. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 8
 Lawson is barred from seeking relief on his claims enumerated 1 and 2 above. These claims could have been but were not raised on direct appeal. Under these circumstances, in order to obtain review, Lawson must demonstrate cause and prejudice to excuse his failure to raise these claims on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Lawson has alleged no cause for his failure to raise these claims in a direct appeal from his conviction.
 
 
 9
 Further, he has not shown prejudice because his claims are without merit. The Attorney General is not required to promulgate regulations in order to render 21 U.S.C. §§ 841 and 846 effective. Further, the signature of an Assistant United States Attorney on an indictment is sufficient to indicate that the United States Attorney agrees with the action taken by the grand jury. See United States v. Walls, 577 F.2d 690, 696 (9th Cir.), cert. denied, 439 U.S. 893 (1978). In addition, Lawson has not presented any evidence in support of his claim that the grand jury either did not vote on the indictment or returned a negative vote. His mere speculation is insufficient to warrant § 2255 relief. See, e.g., United States v. Breitkreutz, 977 F.2d 214, 217 (6th Cir.1992) (the defendant has the burden of demonstrating abuse of process as a presumption of regularity attaches to grand jury proceedings); United States v. Castro, 908 F.2d 85, 89 (6th Cir.1990) (the defendant's bare assertions of government misconduct before the grand jury do not make the necessary showing of prosecutorial misconduct).
 
 
 10
 Finally, counsel rendered effective assistance. Lawson was not prejudiced by any failure of his counsel to raise these claims because the claims are without merit. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 11
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation