89 F.3d 832
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fadi Z. CHAHINE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2202.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1996.
 
 1
 Before: KENNEDY and NORRIS, Circuit Judges; MATIA, District Judge.*
 
 ORDER
 
 2
 Fadi Z. Chahine, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1992, a jury found Chahine guilty of possession with intent to distribute heroin and distribution of heroin in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 84 months of imprisonment. A panel of this court affirmed Chahine's conviction and sentence on appeal.
 
 
 4
 Thereafter, Chahine filed a § 2255 motion to vacate, arguing that he was twice punished for the same offense in violation of the Double Jeopardy Clause. Upon review of Chahine's motion and the government's response, a magistrate judge filed a report recommending that the district court deny the motion as without merit. Over Chahine's objections, the district court adopted the magistrate judge's recommendation and denied the motion as without merit.
 
 
 5
 Chahine has filed a timely appeal, essentially reasserting his same claim. He has also filed a motion for bail bending appeal.
 
 
 6
 Upon review, we conclude that the district court properly denied Chahine's motion to vacate sentence for the reasons stated in its memorandum opinion filed October 6, 1995. The record does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam). Chahine was not punished in violation of the Double Jeopardy Clause even though his conviction followed the administrative forfeiture of his property because he never filed a claim in the administrative forfeiture proceeding. The administrative forfeiture of unclaimed property does not trigger double jeopardy protections. See United States v. Baird, 63 F.3d 1213, 1217-18 (3rd Cir.1995), cert. denied, 116 S.Ct. 909 (1996); United States v. Cretacci, 62 F.3d 307, 310-11 (9th Cir.1995), petition for cert. filed (Feb. 13, 1996) (No. 95-7955); United States v. Penny, 60 F.3d 1257, 1261-62 (7th Cir.1995), cert. denied, 116 S.Ct. 931 (1996).
 
 
 7
 Accordingly, we hereby deny the motion for bail pending appeal and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation