92 F.3d 1185
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold SAMOUR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-4011.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1996.
 
 1
 Before: RYAN and SUHRHEINRICH, Circuit Judges; ENSLEN, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury found Harold Samour guilty of conspiring to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846; money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(I) and (B)(I) and 18 U.S.C. § 2; interstate travel in aid of racketeering enterprises in violation of 18 U.S.C. §§ 1952 and 2; and possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Samour to eight years and one month in prison, followed by three years of supervised release and a $100,000 fine. Samour appealed and this court reversed Samour's conviction and sentence for money laundering, but affirmed in all other respects. United States v. Samour, 9 F.3d 531 (6th Cir.1993). Upon resentencing, the district court determined that Samour's proper offense level was 28 resulting in a sentence range of 78 to 97 months and resentenced Samour to 84 months in prison. All other aspects of Samour's original sentence remained the same.
 
 
 4
 In his motion to vacate sentence, Samour claimed that: 1) his attorney rendered ineffective assistance of counsel; 2) the district court vindictively resentenced him; 3) the district court improperly chose the least favorable interpretation of his conduct in determining sentence; 4) the district court should have granted him a two-level reduction for acceptance of responsibility; and 5) the district court erroneously imposed a $100,000 fine. The district court denied Samour's motion, and Samour appeals from that judgment.
 
 
 5
 Upon review, we conclude that the record does not reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure, Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993), nor does the record reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to § 2255 motion to vacate).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's opinion and order dated August 15, 1995.
 
 
 
 *
 The Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan, sitting by designation