98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene SZYMANSKI, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1158.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1996.
 
 Before: SUHRHEINRICH, DAUGHTREY, and GIBSON*, Circuit Judges.
 
 ORDER
 
 1
 Eugene Szymanski appeals a district court order denying his motion to vacate sentence filed under 28 U.S.C. § 2255 and dismissing his petition for a writ of coram nobis. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1987, a jury convicted Szymanski of conspiracy to distribute heroin in violation of 21 U.S.C. § 846 and distribution of heroin in violation of 21 U.S.C. § 841. The district court sentenced Szymanski to fifteen years of imprisonment. On direct appeal, this court affirmed his conviction and sentence. United States v. Szymanski, Nos. 87-2123, etc., 1989 WL 40301 (6th Cir. Apr. 25, 1989) (unpublished per curiam), cert. denied, 493 U.S. 858 (1989).
 
 
 3
 Following his direct appeal, Szymanski pursued a wide variety of post-conviction relief, including three prior § 2255 motions. The district court denied all of Szymanski's post-conviction efforts and this court affirmed these denials on appeal. Syzmanski was released on parole in March 1994. However, he was subsequently charged as a parole violator and, in March 1995, the Parole Commission revoked his parole and ordered him to serve the remainder of his sentence.
 
 
 4
 In 1995, Szymanski filed another § 2255 motion to vacate, alleging that the government improperly destroyed a tape of a conversation between Szymanski and a government informant. Szymanski subsequently filed a petition for a writ of coram nobis raising the same claim. The district court determined that Szymanski's claim was without merit and denied his motion and petition. Szymanski has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court properly denied Szymanski's motion to vacate sentence. In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining Szymanski's conviction. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 6
 We initially note that Szymanski is precluded from raising his claim because he did not present it in his prior motions to vacate. Szymanski's present motion is his fourth motion to vacate sentence filed under § 2255. A motion to vacate may be denied as an abuse of the writ if the petitioner had a prior opportunity to raise his claim and he either deliberately abandoned his claim or, by inexcusable neglect, did not raise that claim at the prior opportunity. McCleskey v. Zant, 499 U.S. 467, 489-90 (1991) (§ 2254 petition for writ of habeas corpus); Peltier v. Henman, 997 F.2d 461, 473 (8th Cir.1993) (applying McCleskey to § 2255 motion to vacate). Nonetheless, the court may review an abusive claim if the petitioner can demonstrate cause and prejudice to excuse the failure to raise the claim at the earlier opportunity. McCleskey, 499 U.S. at 493-94. Szymanski has not argued cause for failing to raise the claim in his earlier motions to vacate. Prejudice also does not exist because his claim is without merit. The government did not act in bad faith in destroying the tape of a conversation between Szymanski and an informant. See Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988).
 
 
 7
 Lastly, the district court properly denied Szymanski's petition for a writ of coram nobis. The writ of coram nobis may issue if the petitioner demonstrates: 1) an error of fact, 2) unknown at the time of trial, and 3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. Flippins v. United States, 747 F.2d 1089, 1091 (6th Cir.1984) (per curiam). As Szymanski has not made this showing, his petition is without merit.
 
 
 8
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation