99 F.3d 1139
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard GRUNDEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-5110.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1996.
 
 1
 Before: LIVELY and NELSON, Circuit Judges; HACKETT, District Judge.*
 
 ORDER
 
 2
 Richard Grunden appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1990, a jury convicted Grunden of travel in interstate commerce to promote unlawful activity in violation of 18 U.S.C. § 1952(a)(3), possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), use of a telephone to facilitate a drug transaction in violation of 21 U.S.C. § 843(b), and aiding and abetting a co-defendant in the commission of each of these offenses in violation of 18 U.S.C. § 2. The district court sentenced Grunden to 108 months of imprisonment and five years of supervised release. On appeal, this court affirmed his conviction and sentence. United States v. Grunden, Nos. 90-6513, etc., 1991 WL 191548 (6th Cir. Sept. 27, 1991) (unpublished order), cert. denied, 503 U.S. 949 (1992).
 
 
 4
 In 1995, Grunden filed a motion to vacate sentence, alleging that: 1) his counsel rendered ineffective assistance because counsel did not object to the district court's enhancement of his guideline range for obstruction of justice and counsel did not object to the court's jury instructions; and 2) the district court did not identify the portion of Grunden's testimony at trial that constituted an obstruction of justice. The district court denied the motion, adopting, over Grunden's objections, a magistrate judge's report and recommendation to that effect. Grunden has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court properly denied Grunden's motion to vacate sentence. If a prisoner is to obtain relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2297 (1994). If he is to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in the decision to convict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 6
 We initially note that Grunden is barred from seeking relief on his second claim because he did not raise it in his direct criminal appeal. A claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 absent a demonstration of cause for the failure and resultant prejudice. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). While Grunden has arguably established cause because his claim is based on an intervening Supreme Court decision, he suffered no prejudice because his claim is without merit. The district court properly enhanced Grunden's sentence for obstruction of justice.
 
 
 7
 Grunden's ineffective assistance of counsel claims are without merit because Grunden has not established that his counsel's performance was deficient and that the deficient performance prejudiced his defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 8
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation