103 F.3d 128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James L. BRADEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-5290.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1996.
 
 Before: KEITH, MERRITT, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 James L. Braden, proceeding pro se, appeals a district court's judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, a jury found Braden guilty of conspiracy to distribute and possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to a total of 188 months of imprisonment. Braden's conviction and sentence were affirmed on appeal.
 
 
 3
 In his § 2255 motion to vacate, Braden argued that counsel rendered ineffective assistance during his trial and during the sentencing proceeding. Following an evidentiary hearing, a magistrate judge filed a report recommending that the district court deny the motion as without merit. Over Braden's objections, the district court adopted the magistrate judge's recommendation, in part, and denied the motion.
 
 
 4
 Braden has filed a timely appeal, essentially reasserting his same claims.
 
 
 5
 Upon review, we conclude that the district court properly denied Braden's motion to vacate for the reasons stated in its memorandum opinion filed February 13, 1996. The record simply does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam). Braden has not established that counsel rendered ineffective assistance because he has not shown that counsel's alleged deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.