101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eddie Lee MILES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1546.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1996.
 
 Before: KEITH, MERRITT, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Eddie Lee Miles pleaded guilty to interstate travel in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3). The district court sentenced him to 60 months of imprisonment, one year of supervised release, a $1,000 fine, and a $50 special assessment. Miles did not appeal his conviction or sentence.
 
 
 3
 In his motion to vacate sentence, Miles claimed that: 1) the district court erred by establishing his base offense level at 38; 2) the court improperly enhanced his offense level for possessing a gun; 3) he was eligible for a downward departure for pre-arrest rehabilitative efforts and eligible for a departure under the "safety valve" provision; 4) the 100:1 crack cocaine sentencing ratio is unconstitutional; and 5) defense counsel rendered ineffective assistance at sentencing. The district court denied the motion to vacate. Miles appeals that judgment.
 
 
 4
 In his timely appeal, Miles reasserts the claims enumerated 1, 2, 4 and 5 as set forth in the district court.
 
 
 5
 Initially, we note that Miles does not reassert his third claim on appeal. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 6
 Upon review, we conclude that the record does not reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure, Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993), nor does the record reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to § 2255 motion to vacate).
 
 
 7
 We note that this appeal was filed before the signing of the Prison Litigation Reform Act. Therefore, we grant Miles in forma pauperis status so his appeal can proceed without the prepayment of fees.
 
 
 8
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.