107 F.3d 870
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven Ray BRIGHT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-5596.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1997.
 
 1
 Before: KENNEDY, NELSON, and VAN GRAAFEILAND,* Circuit Judges.
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury found Steven Ray Bright guilty of: 1) conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846; 2) possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and 3) using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). The district court sentenced Bright to 75 months of imprisonment. This court affirmed the district court's judgment. United States v. Bright, No. 94-5166, 1995 WL 98816 (6th Cir. March 8, 1995), cert. denied, 116 S.Ct. 124 (1995).
 
 
 4
 In his motion to vacate sentence, Bright claimed that his conviction for using or carrying a firearm should be set aside in light of the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995), and contended that: 1) the evidence was insufficient to support his conviction under § 924(c); and 2) the instructions given the jury contained a definition of "use" that was inconsistent with the definition set forth in Bailey. The district court denied the motion to vacate sentence, concluding that sufficient evidence existed to establish that Bright "used" a firearm in relation to a drug offense. Bright appeals that judgment.
 
 
 5
 In order to obtain relief under § 2255 on a claim of constitutional error, a petitioner must show an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to § 2255 motion to vacate). Decisions granting or denying relief under 28 U.S.C. § 2255 are reviewed by this court de novo, and a district court's findings of fact are reviewed for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992).
 
 
 6
 Upon review, we conclude that the facts as analyzed by the district court are sufficient to support Bright's conviction for "using" a firearm.
 
 
 7
 The jury instruction issue lacks merit. Bright claims that the district court gave the jury a definition of "use" that was inconsistent with the definition set forth in Bailey. The record reveals that the evidence clearly satisfies both prongs of 18 U.S.C. § 924(c), however, and we are satisfied that any error in the definition of "use" was harmless. See United States v. Taylor, 102 F.3d 767 (6th Cir.1996).
 
 
 8
 Accordingly, and for the reasons set forth in the court's order dated April 15, 1996, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ellsworth A. Van Graafeiland, United States Circuit Judge for the Second Circuit, sitting by designation