110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Aubra S. HAYES, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3535.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: BROWN, BOGGS, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Aubra S. Hayes Jr. pleaded guilty to distribution of over five grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). The district court sentenced Hayes to two concurrent sentences of 84 months of imprisonment. Hayes did not appeal his conviction and sentence. Instead, he moved to vacate sentence pursuant to § 2255. The district court denied the motion to vacate sentence, and Hayes did not appeal that judgment.
 
 
 3
 While his motion to vacate was pending, Hayes appealed his conviction and sentence. This court dismissed the appeal for want of jurisdiction. United States v. Hayes, No. 94-3468 (June 20, 1994).
 
 
 4
 Thereafter, Hayes filed this, his second, motion to vacate sentence. In the immediate motion, Hayes claimed that: 1) he received ineffective assistance of counsel because his attorney did not raise an error in the presentence investigative report (PSI), and did not file a timely notice of appeal from his conviction and sentence; 2) the district court improperly enhanced his sentence for carrying a firearm in connection with the drug offense; 3) his criminal history score in the PSI should have been lower; and 4) the greater criminal penalty imposed for distribution of crack cocaine as opposed to powder cocaine is unconstitutional. The district court denied the motion on the ground that it constituted an abuse of the writ. Hayes appeals that judgment.
 
 
 5
 On appeal, Hayes claims that the district court erred in dismissing his motion to vacate on the ground that it constituted an abuse of the writ. He also reasserts that defense counsel rendered ineffective assistance, and the 100:1 sentencing ratio between crack and powder cocaine is unconstitutional.
 
 
 6
 Initially, we note that Hayes does not reassert claims 2 and 3 on appeal. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to § 2255 motion to vacate). This court reviews de novo a judgment denying a § 2255 motion while examining the factual findings for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994).
 
 
 8
 Hayes is barred from seeking relief on his claims because the claims could have been but were not raised in his prior motion to vacate sentence. Hayes's second motion to vacate sentence constitutes an abuse of the writ because Hayes had a prior opportunity to raise his claims and he either deliberately abandoned his claims or, by inexcusable neglect, failed to raise the claims at his prior opportunity. See 28 U.S.C. § 2244(b); Rule 9(b) [second clause], Rules Governing § 2254 Cases; McCleskey v. Zant, 499 U.S. 467, 489-90 (1991); Lewandowski v. Makel, 949 F.2d 884, 890 (6th Cir.1991). Although McCleskey addressed a § 2254 petition brought by a state prisoner, its procedural bar is equally applicable to § 2255 motions to vacate brought by federal prisoners. See, e.g., Peltier v. Henman, 997 F.2d 461, 473 (8th Cir.1993) (collecting cases). Clearly, Hayes had a prior opportunity to raise his claims.
 
 
 9
 Under these circumstances, in order to obtain review, Hayes must demonstrate cause and prejudice to excuse his failure to raise his claims. McCleskey, 499 U.S. at 493-94. Hayes does not show cause and none is apparent from the record. Furthermore, Hayes can show no prejudice as his claims are without merit.
 
 
 10
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's order dated February 13, 1996.