89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald "Jake" JACOWAY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5871.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1996.
 
 Before: KENNEDY, CONTIE, and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Ronald "Jake" Jacoway, a pro se federal prisoner, appeals a district court order denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, the defendant pleaded guilty to conspiracy to conduct illegal gambling, unlawful gambling transactions and narcotics trafficking in violation of 18 U.S.C. § 371, conducting a financial transaction to conceal illegal proceeds in violation of 18 U.S.C. § 1956(a)(1)(B), and evading income taxes in violation of 26 U.S.C. § 7201. He was sentenced to a total of 123 months of imprisonment. Jacoway's appeal was dismissed for want of prosecution.
 
 
 3
 Thereafter, Jacoway filed a motion to vacate his sentence, arguing that: 1) the district court improperly enhanced his sentence under USSG § 2S1.1(b)(1); 2) the district court improperly relied on inaccuracies in the presentence investigation report when it sentenced him; 3) the district court erred when it did not order a psychiatric examination of Jacoway pursuant to 18 U.S.C. § 4244 prior to sentencing him; and 4) counsel rendered ineffective assistance. Upon review, the district court denied the motion as without merit.
 
 
 4
 On appeal, Jacoway essentially reasserts his same claims. He also argues that the district court erred when it denied his motion to vacate without holding an evidentiary hearing.
 
 
 5
 Upon review, we conclude that the district court properly denied Jacoway's motion to vacate for the reasons stated in its memorandum opinion filed March 7, 1995. The record simply does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam). Moreover, it does not reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 6
 We also conclude that the district court did not abuse its discretion when it denied Jacoway's § 2255 motion to vacate without first conducting an evidentiary hearing. See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991). It plainly appears that the existing record was adequate to resolve Jacoway's claims. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.