98 F.3d 1341
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Antonio FORMISANO, Sr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3091.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1996.
 
 Before: KENNEDY, JONES, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Antonio Formisano Sr., proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In April 1992, Formisano pleaded guilty to conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 846 and federal income tax fraud in violation of 26 U.S.C. § 7206(1). He was sentenced to 87 months of imprisonment. Formisano did not appeal his conviction or sentence.
 
 
 3
 In his motion to vacate, Formisano argued that: 1) the prosecutor engaged in misconduct; and 2) counsel rendered ineffective assistance. Upon review, the district court denied the motion as without merit.
 
 
 4
 Formisano has filed a timely appeal, reasserting his same arguments.
 
 
 5
 Upon review, we conclude that the district court properly denied Formisano's motion to vacate for the reasons stated in its memorandum opinion filed November 15, 1995. The record simply does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994). Moreover, it does not reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 508 U.S. 943 (1993).
 
 
 6
 Formisano is barred from seeking relief on his prosecutorial misconduct claim. Before we may review this claim on the merits, Formisano must show cause and prejudice to excuse his failure to raise this claim in his direct appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Formisano has not established cause, nor has he shown prejudice because the prosecutorial misconduct claim lacks merit. The prosecutor did not engage in misconduct that was so pronounced and persistent that it permeated the entire atmosphere of the trial. See Donnelly v. DeChristoforo, 416 U.S. 637, 644-45 (1974); Martin v. Foltz, 773 F.2d 711, 716-717 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986). The prosecutor informed both Formisano and his prior attorney, prior to indictment, of a potential conflict of interest.
 
 
 7
 Formisano did not establish that counsel rendered ineffective assistance. In order to establish ineffective assistance of counsel, Formisano was required to show that counsel's performance was deficient, and that the deficient performance prejudiced his defense so as to render the proceedings unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984). There is no evidence that counsel knew of the potential conflict of interest before the prosecutor informed him of his partner's criminal involvement with Formisano. Moreover, upon learning of the conflict, counsel immediately withdrew his representation.
 
 
 8
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.