107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene A. MACKEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2205.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1997.
 
 Before: MERRITT, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Eugene Mackey, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, a jury convicted Mackey of conspiracy to possess with intent to distribute cocaine (count one) in violation of 21 U.S.C. § 846, possession with intent to distribute cocaine and aiding and abetting (count two) in violation of 21 U.S.C. § 841, and using and carrying a firearm (count three) in violation of 18 U.S.C. § 924(c). The district court sentenced Mackey to three consecutive five year terms of imprisonment on each count. On appeal, the parties stipulated to a remand for resentencing because the respondent had discovered a discrepancy in the amount of cocaine attributed to the defendant. On remand, the district court sentenced Mackey to consecutive terms of 60 months on count one, 37 months on count two, and 60 months on count three.
 
 
 3
 In his motion to vacate, Mackey argued that: 1) the district court erred when it sentenced him to consecutive terms for counts one and two; and 2) counsel rendered ineffective assistance. Upon review, the district court denied the motion as without merit.
 
 
 4
 Mackey has filed a timely appeal, essentially reasserting his same arguments. He also argues that his § 924(c) conviction is invalid.
 
 
 5
 Initially, we note that Mackey did not raise his challenge to his § 924(c) conviction in the district court. Unless exceptional circumstances are present, we normally will not address an issue not first raised in the district court. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances exist in this case, and we will not address this argument.
 
 
 6
 Upon review, we affirm the district court's judgment for the reasons stated in its October 2, 1995 memorandum opinion. The record simply does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994). Nor does it reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 508 U.S. 943 (1993).
 
 
 7
 Mackey is barred from seeking relief on his first claim. This claim could have been but was not raised on direct appeal. Under these circumstances, in order to obtain review, Mackey must demonstrate cause and prejudice to excuse his failure to raise this claim on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Mackey has alleged no cause, and none is apparent from the record.
 
 
 8
 Further, Mackey was not prejudiced as his total sentence (97 months of imprisonment) fell within his applicable guideline range of 78 to 97 months. Likewise, Mackey has not established that counsel rendered ineffective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 9
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.