36 F.3d 1098
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard Donald SINGLETON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-4253.
 United States Court of Appeals, Sixth Circuit.
 Aug. 26, 1994.
 
 Before: MARTIN, NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Leonard Donald Singleton, a pro se federal prisoner, appeals a district court order denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1988, Singleton was convicted of possession of a firearm by a three-time felon and of escape. Singleton was sentenced to fifteen years of imprisonment, and his conviction was affirmed on direct appeal. United States v. Singleton, 902 F.2d 471 (6th Cir.), cert. denied, 498 U.S. 872 (1990).
 
 
 3
 In 1990, Singleton filed a motion to vacate his sentence contending that: 1) his attorney was ineffective; 2) the prosecution failed to disclose favorable evidence; and 3) the prosecution engaged in misconduct. Upon de novo review of a magistrate judge's report, the district court denied the motion stating that the arguments were procedurally barred from review. Singleton then filed a timely motion for reconsideration which the district court subsequently denied.
 
 
 4
 In his appeal, Singleton argues that the district court erred in concluding that his ineffective counsel claim was procedurally barred. In addition, Singleton contends that had the district court conducted an evidentiary hearing, he would have established cause to show why the issues presented in his Sec. 2255 motion were not presented in his direct appeal. He requests oral argument.
 
 
 5
 To prevail under Sec. 2255, Singleton must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice, or an error so egregious that it amounted to a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 Upon review, we conclude that the district court erroneously found that Singleton's ineffective counsel claim was procedurally barred. Ineffective assistance of counsel claims may be raised in a motion to vacate even though the issue was not raised on direct appeal. United States v. Markarian, 967 F.2d 1098, 1105 (6th Cir.1992), cert. denied, 113 S.Ct. 1344 (1993). This court has explicitly emphasized that it will not entertain an ineffective counsel claim in a direct appeal and that the proper vehicle for raising this issue is in a Sec. 2255 motion. United States v. Carr, 5 F.3d 986, 993 (6th Cir.1993); Markarian, 967 F.2d at 1105; United States v. Nagi, 947 F.2d 211, 214 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). Therefore, the district court erroneously concluded that Singleton's ineffective counsel argument was procedurally barred from review.
 
 
 7
 As to Singleton's remaining arguments, although Singleton did not raise his evidence and misconduct issues in his direct appeal, he may excuse his failure to raise these claims by establishing that his attorney was ineffective. Murray v. Carrier, 477 U.S. 478, 488 (1986); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Because the district court did not address Singleton's ineffective counsel claim, it would be inappropriate for us to address Singleton's remaining arguments.
 
 
 8
 Accordingly, we deny the request for oral argument, vacate the district court's order, and remand the case for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.