107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard Donald SINGLETON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3268.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1997.
 
 Before: CONTIE, RYAN, and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Leonard Donald Singleton, a pro se federal prisoner, appeals a district court order denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1988, Singleton was convicted of escape and possession of a firearm by a three-time felon. Singleton was sentenced to fifteen years of imprisonment, and his conviction was affirmed on direct appeal. United States v. Singleton, 902 F.2d 471 (6th Cir.), cert. denied, 498 U.S. 872 (1990).
 
 
 3
 In 1990, Singleton filed a motion to vacate his sentence contending that: 1) his attorney was ineffective; 2) the prosecution failed to disclose favorable evidence; and 3) the prosecution engaged in misconduct. Upon de novo review of a magistrate judge's report, the district court denied the motion stating that the arguments were procedurally barred from review. Reconsideration was denied.
 
 
 4
 Singleton, thereafter, appealed the denial of his motion to vacate his sentence arguing that the district court erred in concluding that his ineffective assistance of counsel claim was procedurally barred. The Sixth Circuit vacated and remanded the dismissal with respect to Singleton's claims of ineffective assistance of counsel. See Singleton v. United States, No. 93-4253, 1994 WL 464245 (6th Cir. Aug. 26, 1994).
 
 
 5
 On remand, the magistrate judge conducted an evidentiary hearing to afford Singleton full due process and an opportunity to present all supporting evidence to the court. In his § 2255 motion, Singleton alleged numerous instances of ineffective assistance of trial counsel. However, in his opening statement which was presented by his court appointed attorney at the evidentiary hearing, Singleton narrowed his claims of ineffective assistance of counsel to three issues: 1) failure to call three witnesses; 2) failure to present expert medical testimony; and 3) failure to contest that Singleton was "in custody." After the evidentiary hearing, the magistrate judge issued a report recommending that the § 2255 motion be denied as meritless. Despite Singleton's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the motion to vacate sentence. This timely appeal followed.
 
 
 6
 In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994). Upon review, we conclude that the district court properly denied the motion to vacate. None of the instances of alleged ineffectiveness rises to the level of constitutional dimension. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 Finally, when this court vacated and remanded the dismissal with respect to Singleton's claims of ineffective assistance of counsel, the court deemed it inappropriate to address Singleton's evidence and misconduct claims. The court stated that although Singleton did not raise his evidence and misconduct issues in his direct appeal, he may excuse his failure to raise these claims by establishing that his attorney was ineffective. On remand, the magistrate judge did not address the issue of whether Singleton's attorney was ineffective for failing to raise the evidence and misconduct issues on appeal. Singleton mentioned the magistrate judge's failure to address this issue in his objections; however, he has abandoned this issue on appeal. Therefore, the issue will not be reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Singleton's remaining arguments on appeal are without merit.
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.