110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Russell SCHUETTE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3959.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: WELLFORD, RYAN, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Russell Schuette, proceeding pro se, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, a jury convicted Schuette of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846, and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. The district court sentenced Schuette to a total of 66 months of imprisonment, five years of supervised release and 100 hours of community service. On appeal, a panel of this court affirmed Schuette's conviction and sentence. United States v. Schuette, No. 92-4285, 1994 WL 84924 (6th Cir. Mar. 11, 1994).
 
 
 3
 In his motion to vacate, Schuette argued that: 1) the prosecutor engaged in various instances of misconduct during the trial; 2) the government provided false information in its application for a search warrant; and 3) counsel rendered ineffective assistance. Upon review, the district court denied the motion as without merit.
 
 
 4
 Schuette has filed a timely appeal, essentially reasserting his same arguments. He also argues that the district court erred by denying his § 2255 motion without an evidentiary hearing.
 
 
 5
 Upon review, we conclude that the district court properly denied the motion for the reasons stated in its memorandum opinion filed on August 10, 1995. The record simply does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994). Nor does it reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 508 U.S. 943 (1993).
 
 
 6
 Schuette did not establish that the prosecutor's conduct was so egregious as to deny him a fundamentally fair trial. See Donnelly v. DeChristoforo, 416 U.S. 637, 644-45 (1974); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354-55 (6th Cir.1993), cert. denied, 510 U.S. 1201 (1994). Further, Schuette did not establish that the police officers involved either knowingly or intentionally, or with reckless disregard for the truth, included false statements in the warrant affidavit. See Franks v. Delaware, 438 U.S. 154, 155-56 (1978). In addition, Schuette did not establish that counsel's alleged deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 Finally, we conclude that the district court properly denied Schuette's § 2255 motion to vacate without first conducting an evidentiary hearing as it plainly appears that the existing record was adequate to resolve Schuette's claims. See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991).
 
 
 8
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.